IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL D. AMMERMAN,

                      Plaintiff,

    v.                                           OPINION and ORDER

LAURA SUKOWATY,                            23-cv-890-jdp

                      Defendants.

Plaintiff Paul D. Ammerman, without counsel, is incarcerated at Columbia Correctional Institution. Ammerman alleges that defendant Dr. Laura Sukowaty wouldn't refill the medication that he needed to treat his gastroesophageal reflux disease (GERD). Ammerman has paid the entire filing fee for the case.

Because Ammerman is a prisoner suing a government official, the next step is for me to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Ammerman's current allegations fail to state a claim for relief against Sukowaty. But I will give Ammerman a chance to file an amended complaint better explaining his claims.

ALLEGATIONS OF FACT

Ammerman suffers from GERD and in 2014 was prescribed ranitidine for it. In 2023, Ammerman became a Christan Scientist; I take him to be saying that he stopped taking

ranitidine out of religious conviction. But in November 2023, Ammerman decided he should go back on GERD medication. He filed a series of requests to refill that medication (which he calls omeprazole; it's unclear whether his prescription was changed from ranitidine to omeprazole at some point). But defendant Dr. Laura Sukowaty denied those requests, stating that his medication had been discontinued because Ammerman had refused to take it; she told him that Tums were available at canteen instead. Ammerman tried Tums and similar remedies but they were ineffective.

## ANALYSIS

Ammerman contends that Sukowaty violated his rights under the Eighth Amendment to the United States Constitution, which prohibits prison officials from acting with conscious disregard toward prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). For purposes of this opinion I will assume that Ammerman's GERD is severe enough to meet this standard.

A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Ammerman's allegations do not meet this standard. Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court could reasonably infer from the allegations that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Ammerman alleges that Sukowaty wouldn't refill his previously prescribed GERD medication, but from his allegations she appeared to have a good reason for it—he had refused to take it in the past. She also directed him to take Tums instead, which suggests that she didn't intentionally leave him to languish without treatment. Ammerman alleges that Tums were ineffective, but he doesn't allege that Sukowaty knew this or how she would have known it. So Ammerman's current allegations aren't enough to show that Sukowaty consciously disregarded his condition.

I will give Ammerman a chance to file an amended complaint better explaining his claims. In drafting his amended complaint, Ammerman should remember to state his allegations as if he were telling a story to someone who knows nothing about the events. In particular, he should explain what Sukowaty knew about his reasons for previously refusing GERD medication and the effectiveness of Tums or other over-the-counter remedies for treating Ammerman's GERD.

If Ammerman does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.
2. Plaintiff may have until May 6, 2024, to submit an amended complaint.

Entered April 15, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge