IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL D. AMMERMAN,

Plaintiff,

ORDER

v.

23-cv-890-jdp

LAURA SUKOWATY,

Defendant.

---

Plaintiff Paul D. Ammerman, proceeding without counsel, is currently incarcerated at Stanley Correctional Institution. Ammerman alleges that when he was at Columba Correctional Institution, defendant Dr. Laura Sukowaty wouldn't refill the medication that he needed to treat his gastroesophageal reflux disease. I allowed Ammerman to proceed on an Eighth Amendment claim against Sukowaty. This order concerns several motions filed by the parties, in particular Sukowaty's summary judgment motion based on Ammerman's failure to exhaust his administrative remedies, which I will deny.

A. Exhaustion

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Sukowaty identifies one grievance from Ammerman's grievance history that is potentially related to his Eighth Amendment claim in this case: a November 26, 2023 grievance about Sukowaty failing to renew his prescription for omeprazole. Dkt. 27-2. In that grievance, Ammerman stated that Sukowaty wouldn't renew the medication because Ammerman hadn't been taking it and that Tums were available at the canteen even though Tums weren't actually available at that time. *Id.* at 8.

That grievance was rejected as moot because health services staff had already addressed the complaint. *Id.* at 2. Sukowaty doesn't argue that Ammerman failed to properly exhaust his grievance for this reason so I will not consider that issue. Rather, Sukowaty argues that Ammerman didn't properly raise in his grievance the real issue underlying his Eighth Amendment claim. She points out that I initially denied Ammerman leave to proceed on an Eighth Amendment claim because his original allegations—very similar to those in his grievance—didn't state a constitutional claim:

> Ammerman alleges that Sukowaty wouldn't refill his previously prescribed GERD medication, but from his allegations she appeared to have a good reason for it—he had refused to take it in the past. She also directed him to take Tums instead, which suggests that she didn't intentionally leave him to languish without treatment. Ammerman alleges that Tums were ineffective, but he doesn't allege that Sukowaty knew this or how she would have known it. So Ammerman's current allegations

aren't enough to show that Sukowaty consciously disregarded his condition.

Dkt. 8, at 3. In his amended complaint, Ammerman added allegations indicating Sukowaty's conscious disregard: after finally renewing the medication she told him "now maybe next time you won't stop your medication" and she was aware that Tums weren't an effective alternative. Dkt. 16, at 2. Sukowaty argues that because Ammerman didn't include those newer allegations in his grievance, he didn't exhaust the specific claim that he brings in this lawsuit: that Sukowaty "'purposely refused acid reflux medication to show Ammerman the effects of not taking his medication'" *Id.* (quoting Ammerman's amended complaint, Dkt. 11, ¶ 28).

This argument misconstrues what is necessary to include in a grievance to exhaust a claim brought in federal court. In the absence of particular grievance rules mandating more, inmates usually do not have to plead legal theories in their grievances to exhaust a claim in this court. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). But a prisoner must still "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

Here, Ammerman did provide prison staff with notice of what Sukowaty did to harm him: fail to give him adequate medical treatment by renewing his medication. Sukowaty cites no authority in her brief, and I am aware of none, suggesting that a prisoner is required to provide enough detail in a grievance to determine whether a prisoner believes that a defendant violated his rights under the Constitution by intentionally withholding care or under Wisconsin negligence law by simply providing subpar treatment. And other than with motivation-dependent causes of action such as First Amendment retaliation claims, I am unaware of any authority suggesting that an inmate need include in a grievance evidence

suggesting a prison official's motivation for taking a specific action that violates his rights. *See, e.g.*, *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) ("If the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act." (internal quotations omitted)). Because Ammerman's grievance put prison officials on notice of what Sukowaty did to harm him, I reject this part of Sukowaty's argument.

Sukowaty relatedly argues that because Ammerman's specific allegation about her telling him "now maybe next time you won't stop your medication" occurred after he filed his grievance, his grievance predating that statement couldn't have exhausted his claim. But his Eighth Amendment claim isn't that Sukowaty made that statement, it's that Sukowaty consciously disregarded his medical need. The statement is *evidence* of that disregard, but as I've stated above, Ammerman wasn't required to plead conscious disregard in his grievance, and Ammerman did raise in his grievance Sukowaty's failure to properly treat him. That is sufficient to exhaust his Eighth Amendment claim, so I will deny Sukowaty's motion for summary judgment.

## B. Remaining motions

The parties filed opposing motions regarding discovery, with Sukowaty seeking to stay discovery pending resolution of her summary judgment motion and Ammerman moving to compel discovery responses despite Sukowaty's request. Dkt. 28; Dkt. 33; Dkt. 34. I will deny those motions as moot; Sukowaty should now respond to Ammerman's discovery requests.

The parties filed additional motions to amend the schedule, Dkt. 36; Dkt. 37; Dkt. 43, that I will grant in one respect: I will extend the dispositive motions deadline to April 13, 2026.

Ammerman has filed a motion for summary judgment, Dkt. 40, to which Sukowaty

responded while noting that Ammerman has not yet agreed to authorize the release of his medical records.[1] Ammerman argues that the authorization form is a discovery request that isn't signed by counsel as required under Federal Rule of Civil Procedure 26(g)(1). Ammerman moves for sanctions for this alleged violation. Dkt. 53.

I will deny Ammerman's motion for sanctions; a request for release of medical records isn't a formal discovery request under Rule 26, and in any event, a lack of a lawyer's signature on this type of document isn't a good reason to sanction opposing counsel without a warning first.

More broadly on the issue of medical authorizations, this court routinely tells litigants that it won't issue an order forcing a plaintiff to sign authorizations regarding medical records because the court won't force a plaintiff to turn over medical information; if Ammerman would rather maintain the privacy of his medical information, he is free do so. But it would be unfair to Sukowaty to defend against Ammerman's claim without this information. Ammerman's ultimate choice is either to share the relevant information with Sukowaty or have the case dismissed.

But the key word here is *relevant*. Defendants often make extremely broad requests for medical-record authorizations in terms of the subject matter and time frame of records sought. Sukowaty should make another effort to obtain an authorization from Ammerman, but it should be limited in scope to information relevant to Ammerman's claim.

Because Sukowaty has the right to respond to Ammerman's summary judgment motion (and to file her own summary judgment motion) with the benefit of relevant medical

---

[1] Ammerman moves to amend one sentence in his reply brief. Dkt. 50. I will grant that motion and consider his amended language.

information, I won't address Ammerman's summary judgment motion until Sukowaty has obtained this information and filed either (1) a supplemental response to Ammerman's summary judgment motion or (2) her own summary judgment motion.

Ammerman moves for clarification about legal issues related to his Eighth Amendment claim, but this court cannot give him legal advice by answering his questions. Dkt. 32. He does not seek reconsideration of any of my rulings so I will not address this motion further. Ammerman also preemptively moves for a ruling that he will receive a chance to respond to any motions for extension of deadlines that Sukowaty might file. Dkt. 44. I will deny that motion as unnecessary; like any litigant, Ammerman may respond to any motion filed by Sukowaty.

ORDER

IT IS ORDERED that:

1.  Defendant's exhaustion-based motion for summary judgment, Dkt. 25, is DENIED.

2.  Defendant's motion to stay discovery, Dkt. 28, is DENIED as moot.

3.  Plaintiff's motions to compel discovery, Dkt. 33 and Dkt. 34, are DENIED as moot.

4.  The parties' motions to amend the schedule, Dkt. 36; Dkt. 37; Dkt. 43, are GRANTED in part; the dispositive motions deadline is moved to April 13, 2026.

5.  Plaintiff's motion for sanctions, Dkt. 53, is DENIED.

6.  Plaintiff's motion for clarification, Dkt. 32, is DENIED.

7.  Plaintiff's motion at Dkt. 44 is DENIED as unnecessary.

8. Plaintiff's motion to amend his summary judgment reply brief, Dkt. 50, is GRANTED.

Entered March 20, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge