IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL D. AMMERMAN,

                                   Plaintiff,

   v.

LAURA SUKOWATY,

                                 Defendant.

ORDER

23-cv-890-jdp

---

Plaintiff Paul D. Ammerman, proceeding without counsel, is currently incarcerated at Stanley Correctional Institution. Ammerman alleges that when he was at Columba Correctional Institution, defendant Dr. Laura Sukowaty wouldn't refill the medication that he needed to treat his gastroesophageal reflux disease. I allowed Ammerman to proceed on an Eighth Amendment claim against Sukowaty. This order addresses the parties' ongoing dispute over the release of Ammerman's medical records and Ammerman's proposed interlocutory appeal.

## A.  Authorization to release medical records

The parties have not agreed on terms under which Ammerman will authorize release of his medical records that Sukowaty needs to respond to Ammerman's discovery requests and to file a motion for summary judgment on substantive grounds or respond to Ammerman's already filed motion for summary judgment. In a March 20, 2026 order, I denied Sukowaty's motion for summary judgment on exhaustion grounds, denied Ammerman's motion to sanction Sukowaty or her counsel for seeking release of his medical records without counsel signing that form, explained Ammerman's duty to either sign a reasonable authorization request or have

the case dismissed, and directed Sukowaty to make another attempt at obtaining that authorization from Ammerman. Dkt. 54.

Sukowaty's latest attempt at obtaining that authorization has failed. Ammerman responded to Sukowaty's ensuing request for authorization by striking certain parts of that form and adding his own language modifying the terms of the form. Ammerman's objections are as follows:

- He wants to authorize only those medical records that are relevant to the case.

- He does not agree to release various categories of records, such as psychological records, alcohol or drug treatment records, HIV test results, juvenile justice records, or his social services file.

- He does not agree to the "redisclosure" portion of the authorization form suggesting that persons receiving his records may be permitted to redisclose them.

Dkt. 59-3.

Sukowaty's counsel responded by sending Ammerman a letter stating that the DOC can't pick through his medical records to produce only those records relevant to his claims, and that although they aren't necessarily seeking out information from the various categories of documents Ammerman seeks to exclude, they weren't removing those categories from the authorization request, and that they would not change the redisclosure language. Dkt. 59-4. They sent Ammerman what appears to be an identical authorization form, which he refused to sign. Sukowaty responded with a motion to dismiss the case for Ammerman's failure to prosecute it by stonewalling on the authorization issue. Dkt. 58.

I will deny this motion without prejudice. It is unfortunate that the parties have not been able to hash out the authorization issue, but Ammerman raises legitimate objections to the scope of records sought to be released and the ambiguous language in the redisclosure

section of the authorization form that seems to seek Ammerman's waiver of confidentiality in his records.

To be clear, Ammerman will need to release relevant medical information or have his case dismissed. I take Sukowaty to be saying that the DOC cannot parse Ammerman's medical file to disclose only GERD-related records. That's a fair point. But on the other hand, Sukowaty doesn't persuade me that it would be difficult to exclude the categories of records that he objects to, such as Ammerman's psychological-services file or juvenile-justice records. Nor does Sukowaty explain how such records could be material to Ammerman's claims. In particular, I do not take Ammerman to be seeking damages for emotional harm (if he was, he would have to disclose contemporaneous mental-health records so that Sukowaty could defend against such a request for relief). I will give Sukowaty a short time to send Ammerman a new version of the release form removing these categories of documents, or to move the court for reconsideration of this decision by explaining in detail why Sukowaty is entitled to such information in what seems to be a relatively simple medical care case.

As for Ammerman's concerns about redisclosure of his sensitive information, the ordinary way to assuage such concerns would be through a protective order. I will give Sukowaty a short time to submit to the court a draft protective order clarifying how counsel and other persons connected to the defense will limit their redisclosure of sensitive information.

Because resolution of the medical-record authorization issue will make the July 20 trial date impossible, I will strike the current schedule.

### B.  Interlocutory appeal

Ammerman has responded to my March 20 order by filing a notice of interlocutory appeal, Dkt. 63, and a motion for leave to proceed without full prepayment of the filing fee on appeal, also known as "in forma pauperis" status, Dkt. 61.

From the face of his appellate documents it is unclear what aspect of my March 20 order that Ammerman seeks to appeal. But in his brief opposing Sukowaty's motion to dismiss, Ammerman states that he appeals my denial of his motion to sanction Sukowaty for sending him an authorization form that wasn't signed by counsel. I concluded that a request for release of medical records isn't a formal discovery request under Rule 26 that requires counsel's signature, and in any event, a lack of a lawyer's signature on this type of document isn't a good reason to sanction opposing counsel without a warning first. Dkt. 54, at 5.

I'll construe Ammerman's filings as including a request to certify his interlocutory appeal. Under 28 U.S.C. § 1292(b), a district court may not certify a nonfinal order for an interlocutory appeal unless: (1) "there is substantial ground for difference of opinion" as to the correctness of the order being appealed; and (2) an immediate appeal "may materially advance the ultimate termination of the litigation." I will not certify Ammerman's appeal because a ruling on a sanctions motion will not materially advance the ultimate termination of this litigation; even if I (or the court of appeals) decided to sanction Sukowaty, an appropriate sanction wouldn't be judgment in Ammerman's favor.

Ammerman qualifies for in forma pauperis status from a financial standpoint. But under 28 U.S.C. § 1915(a)(3), a party is ineligible for in forma pauperis status if the appeal is "not taken in good faith." *See also* Fed. R. App. P. 24(a)(3). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d

4

626, 632 (7th Cir. 2000). This appeal is not in good faith: no reasonable person could suppose that I was incorrect in refusing to sanction counsel for failing to sign a medical-records authorization request—something that even under Ammerman's interpretation of Rule 26 did not prejudice him in the slightest. So I will deny his motion for in forma pauperis status. That means that Ammerman cannot proceed with this appeal without prepaying the $605 filing fee unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, Ammerman has 30 days from the date of this order to ask the court of appeals to review this order. Ammerman must include with his motion a copy of his affidavit of indigency and a copy of this order.

One final point. Ammerman continues to press his request for sanctions against Sukowaty, stating that counsel fabricated a letter (signed by counsel) that they claimed was attached to their original authorization form, Dkt. 59-1; Ammerman states that he didn't receive a copy of that letter. But Ammerman only speculates that the copy that Sukowaty submitted to this court is fabricated and there's no logical reason for counsel to have done so. I will deny his renewed motion for sanctions. The parties now know what they need to do on the authorization issue to move this case forward.

ORDER

IT IS ORDERED that:

1. Defendant's motion to dismiss, Dkt. 58, is DENIED without prejudice.

2. Defendant may have until May 14, 2026, to send plaintiff a new medical authorization form and submit to plaintiff and the court a proposed protective order as discussed in the opinion above.

3. The current schedule is STRUCK.

4.  Plaintiff's motion for certification of an interlocutory appeal, Dkt. 63, is DENIED.

5.  Plaintiff's motion for in forma pauperis status on appeal, Dkt. 61, is DENIED.

6.  Plaintiff's renewed motion for sanctions, Dkt. 67, is DENIED.

Entered April 23, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge