IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL D. AMMERMAN,

Plaintiff,

v.

LAURA SUKOWATY,

Defendant.

OPINION and ORDER

23-cv-890-jdp

---

Plaintiff Paul D. Ammerman, proceeding without counsel, is currently incarcerated at Dodge Correctional Institution. Ammerman alleges that when he was at Columba Correctional Institution, defendant Dr. Laura Sukowaty wouldn't refill the medication that he needed to treat his gastroesophageal reflux disease. I allowed Ammerman to proceed on an Eighth Amendment claim against Sukowaty. This order addresses the parties' ongoing dispute over the release of Ammerman's medical records, Ammerman's motion for summary judgment, and other issues.

**A. Authorization to release medical records**

Previously the parties had not agreed on terms under which Ammerman would authorize release of his medical records. While noting that Ammerman could not continue with the lawsuit without releasing relevant medical records, I stated that Ammerman raised legitimate objections to the scope of records sought to be released and the ambiguous language in the redisclosure section of the DOJ's authorization form that seemed to seek Ammerman's waiver of confidentiality in his records. I directed Sukowaty's counsel to (1) send Ammerman a new version of the release form removing certain categories of documents or to move the court for reconsideration my decision; and (2) submit to the court a draft protective order

clarifying how counsel and other persons connected to the defense will limit their redisclosure of sensitive information. Dkt. 69.

Sukowaty has responded with a proposed protective order. Dkt. 70. But it is unclear whether the parties have otherwise resolved the dispute over the authorization of medical records. I will give Sukowaty a short time to respond to this order regarding her revised release form and whether Ammerman has signed it. After receiving a response I'll consider the proposed protective order.

In a related issue, Ammerman states that Sukowaty has not sent him his medical records in discovery. I do not construe this as a formal motion to compel discovery, but even if I had, I would deny it because Sukowaty isn't required to send Ammerman copies of those documents, and she makes clear that Ammerman may contact the Health Services Unit about reviewing or copying those records.

**B. Ammerman's motion for summary judgment**

Ammerman moves for summary judgment on his Eighth Amendment claim against Sukowaty. Sukowaty was unable to file a full response to this motion because of the ongoing dispute over Ammerman signing a release of medical records. But even without the benefit of a full response, Ammerman's motion fails.

Ammerman states that he was diagnosed with gastroesophageal reflux disease (GERD) and in 2014 was prescribed ranitidine, and was later prescribed omeprazole.[1] But at some point in 2022 or 2023, Sukowaty discontinued Ammerman's GERD medication. In response to a

---

[1] Sukowaty objects to each of Ammerman's proposed findings in part on the ground that he hasn't submitted admissible evidence in support. But Ammerman cites copies of documents from the DOC's own medical file, and I don't take Sukowaty to be saying that those records have been fabricated or doctored. So I will consider Ammerman's facts citing those documents.

request to be re-prescribed that medication, Sukowaty stated that she had discontinued it because Ammerman hadn't been taking it as prescribed. Instead she stated that Ammerman could get Tums from the canteen, even though Ammerman had reported that the canteen had been out of Tums for months.

The Eighth Amendment prohibits prison officials from consciously disregarding prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmate's need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

Ammerman's summary judgment motion fails because the evidence doesn't conclusively show that that Sukowaty consciously disregarded his condition. Because Ammerman is the party moving for summary judgment, I must draw all reasonable inferences from the facts in Sukowaty's favor. *Paterakos v. City of Chicago*, 147 F.4th 787, 795 (7th Cir. 2025). And a reasonable jury could conclude that Sukowaty exercised legitimate medical judgment in

deciding not to re-prescribe Ammerman his GERD medication after it was reported that Ammerman had not been taking it as prescribed. Conscious disregard may be shown when a treatment decision is "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). But if the provider did exercise genuine medical judgment, then there is no Eighth Amendment violation, even if other medical professionals would have handled the situation differently. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021). Sukowaty also stated that Ammerman could take Tums instead, which Ammerman says was essentially a lie given that the canteen was out of Tums. But a reasonable jury wouldn't have to infer that; instead it could infer that Sukowaty didn't notice Ammerman's report about Tums being out at the canteen, didn't believe it, or thought that there was only a momentary shortage, none of which indicate conscious disregard. Given these possible inferences favoring Sukowaty, I cannot grant Ammerman summary judgment on his Eighth Amendment claim.

**C. Recruitment of counsel**

Ammerman renews his motion for the court's assistance in recruiting him counsel, stating that he is recovering at Dodge Correctional Institution from surgery after injuring his head and that he doesn't have access to his legal files or eyeglasses. Dkt. 78. I will deny Ammerman's motion without prejudice because his convalescence isn't a reason to recruit him counsel; he can ask for extensions of deadlines as an accommodation instead. I will direct the state to respond explaining whether Ammerman has access to his legal files and glasses.

**D. Interlocutory appeal**

Ammerman asks me to reconsider my denial of his motion for leave to proceed in forma pauperis with an interlocutory appeal. Dkt. 73. But the court of appeals has already denied his

request for in forma pauperis status and dismissed his appeal. Dkt. 79. So I will deny his motion for reconsideration as moot.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion for summary judgment, Dkt. 40, is DENIED.

2. Plaintiff's renewed motion for recruitment of counsel, Dkt. 78, is DENIED without prejudice.

3. Plaintiff's motion for reconsideration, Dkt. 73, is DENIED.

4. Defendant may have until September 24, 2026, to respond to this order regarding:

    - the status of plaintiff's authorization to release medical records.

    - the provision of plaintiff's legal files and eyeglasses.

Entered September 10, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge