IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL D. AMMERMAN,

Plaintiff,

v.

LAURA SUKOWATY,

Defendant.

ORDER

23-cv-890-jdp

Plaintiff Paul D. Ammerman, proceeding without counsel, is currently incarcerated at Fox Lake Correctional Institution. Ammerman alleges that when he was at Columba Correctional Institution, defendant Dr. Laura Sukowaty wouldn't refill the medication that he needed to treat his gastroesophageal reflux disease. I allowed Ammerman to proceed on an Eighth Amendment claim against Sukowaty.

In my previous order, I denied Ammerman's motion for summary judgment and directed Sukowaty to respond regarding the parties' dispute over the scope of medical records that Ammerman would authorize releasing and Ammerman's statement that he wasn't being provided with his legal files or eyeglasses. Dkt. 81. Ammerman responded with motions for injunctive relief about those items and he seeks reconsideration of my summary judgment ruling. Dkts. 82–84. Sukowaty then responded to my order. Dkt. 85.

In Sukowaty's response, she asserts that Ammerman is now in general population at Fox Lake Correctional Institution and has his glasses and access to his legal property. So I will deny Ammerman's motions for injunctive relief regarding these items. Sukowaty also states that the parties have come to an agreement on the proper scope of medical authorizations, so I no longer need to address that dispute.

Ammerman also states that he no longer receives pay and thus cannot pay for supplies like paper and pens. Dkt. 83, at 1–2. But the state isn't required to pay Ammerman, and he doesn't explain whether he has attempted to get a legal loan for such supplies. Ammerman should attempt to obtain a legal loan before renewing his request.

Ammerman seeks reconsideration of various aspects of my previous ruling. Dkt. 82. He asks for free copies of his medical records from Sukowaty, a motion that I previously denied. Dkt. 81, at 2. But Sukowaty now states that she has sent Ammerman physical copies of the records that he has authorized, so that issue is moot.

Ammerman seeks reconsideration of my denial of his motion for summary judgment, but nothing in his filing persuades me that I was incorrect in denying his motion. Because Ammerman was the party moving for summary judgment, I was required to draw all reasonable inferences from the facts in Sukowaty's favor. Under that standard, the evidence didn't conclusively show that that Sukowaty consciously disregarded his condition. So I will deny this portion of his motion.

Ammerman seeks reconsideration of my denial of his motion for the court's assistance in recruiting him counsel, but he again states only that he is convalescing from a surgery. As I stated in my previous order, he can ask for extensions of deadlines as an accommodation for his medical condition, but he has not persuaded me that he needs counsel at this point of the case.

I previously struck the schedule while the parties hashed out the medical-record authorization issue. Now that it has been resolved, I will direct the clerk of court to schedule a conference with Magistrate Judge Anita Marie Boor to set a new schedule.

# ORDER

IT IS ORDERED that:

1. Plaintiff's motions for injunctive relief, Dkt. 83 and Dkt. 84, are DENIED.

2. Plaintiff's motion for reconsideration, Dkt. 82, is DENIED.

3. The clerk of court is directed to set a scheduling conference with Magistrate Judge Anita Marie Boor.

Entered November 17, 2026.

BY THE COURT:

/s/

_________________________________________

JAMES D. PETERSON
District Judge